IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-CV-265

PAMELA DISBROW

    Plaintiff,

v.

COSTCO WHOLESALE CORPORATION

    Defendant.

---

### NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT
---

Defendant **COSTCO WHOLESALE CORPORATION ("Costco"),** by and through its attorneys, **J. SCOTT LASATER** and **EMILY ANN SWANSON**, of the law firm **LASATER & MARTIN, P.C.**, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, state as follows:

### UNDERLYING FACTS

1. On or about January 7, 2022, Plaintiff Pamela Disbrow ("**Plaintiff**") initiated a civil action against Costco in the District Court for the City and County of Denver, State of Colorado, Case number 2022CV30050. *See,* Plaintiff's Complaint, attached as **Exhibit A**. The remainder of the pleadings are also attached as **Exhibits B-C.**

2. Plaintiff served Costco's Registered Agent on January 10, 2022. A copy of the Service Notification is attached as **Exhibit D.**

3. Plaintiff alleges on January 14, 2020, she slipped and fell at Costco Wholesale Warehouse 440 store located at 6400 W. 92nd Ave., Westminster, Colorado. Plaintiff has alleged one claim of Breach of Landowner Duty under the Colorado Premises Act against Costco. *See,* **Exhibit A.**

## JURIDICTIONAL BASIS

4. Pursuant to 28 U.S.C. § 1332, this Court has original jurisdiction over this matter as it is between citizens of different states or citizens of a foreign state, and the amount in controversy exceeds $100,000.00. 28 U.S.C. § 1332(a).

### a. Diversity of Citizenship

5. Plaintiff is a resident of Colorado. **Exhibit A** at ¶ 3.

6. Defendant is a corporation organized under the laws of the state of Washington, with a principal place of business at 999 Lake Drive, Issaquah, WA 98027.

7. For purposes of diversity of citizenship requirements, a corporation is deemed a "citizen of every State and foreign state in which it has been incorporated and of the State or foreign state where it has its principal place of business". 28 U.S.C. § 1332(c)(1). Therefore, Defendant is a citizen of Washington. There is a complete diversity of citizenship between the parties for purposes of removal. 28 U.S.C. § 1441(b).

### b. Amount in Controversy

8. 28 U.S.C. § 1441(c) provides, in relevant part:

> (2) If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that –

> (A) The notice of removal may assert the amount in controversy if the initial pleading seeks –
> (ii) a money judgement, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; 28 U.S.C. § 1446(c)(2) and (c)(2)(A)(ii).

9. Plaintiff's Complaint does not allege a specific damage amount, but rather requests a money judgment for economic and non-economic damages to be determined by a jury. *See,* Exhibit **A.** Plaintiff alleges damages which consist of non-economic and economic damages and fees. *Id.* at p. *3. A Plaintiff cannot defeat removal by omitting an amount in controversy from the complaint. *Valdez v. Byers,* No. 09-cv-00764-CMA-CBS, 2009 U.S. Dist. LEXIS 46086, at 4 (D. Colo. May 20, 2009).

10. However, the Civil Case Cover Sheet filed with Plaintiff's State Court Complaint states that the amount in controversy exceeds $100,000. *See,* **Exhibit B.** The United States Court of Appeals for the Tenth Circuit held on August 29, 2016 a Colorado State Court's Civil Cover Sheet is an "other paper" under 28 U.S.C. § 1446(b)(3), and a Civil Case Cover Sheet now provides the appropriate basis to support the jurisdictional amount in controversy for the purposes of removal. *Paros Props. LLC v. Colo. Cas. Ins. Co.,* 835 F.3d 1264, 1273, 2016 U.S. App. LEXIS 15925, *18 (10th Cir. 2016).

11. Here, the Civil Case Cover Sheet for Plaintiff's State Court Complaint states the amount in controversy exceeds $100,000. *See,* **Exhibit B.**

12. For the foregoing reasons, this Notice of Removal is Proper and timely under 28 U.S.C. §§ 1332, 1441, 1446.

Dated this 31st day of January 2022.

          Respectfully submitted,

          **LASATER & MARTIN, P.C.**

By:    */s/ Emily Ann Swanson*    .
          Emily Ann Swanson
          J. Scott Lasater
          8822 S. Ridgeline Blvd., Suite 405
          Highlands Ranch, CO 80129
          Telephone: 303-730-3900
          Facsimile: 303-730-3939
          E-mail: Emily@LasaterandMartin.com
          Scott@LasaterandMartin.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing **NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT** was electronically filed on January 31, 2022, using the CM/ECF system and served on the following:

Russell O. Araya, #41117
RAMOS LAW
10190 Bannock Street, Suite 200
Northglenn, CO 80260
Russell@ramoslaw.com
303-733-6353
*Attorney for Plaintiff Pamela Disbrow*

District Court Clerk via Colorado Courts E-Filing
Denver County District Court

*/S/ Emily Ann Swanson*
Emily Ann Swanson

5